A. Clifford Edwards
Triel D. Culver
John Heenan
EDWARDS, FRICKLE,
  ANNER-HUGHES & CULVER
P. O. Box 20039
1601 Lewis Avenue, Suite 206
Billings, Montana  59104-0039
Telephone:  (406)  256-8155

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JENNIFER CULLEN,<br><br>  Plaintiff,<br><br>vs.<br><br>WOLF OF BOZEMAN d/b/a WOLF'S BOZEMAN SUZUKI,<br><br>  Defendant. | Cause No. CV 07-101-BLG-RFC<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Jennifer Cullen, by and through her attorneys of record, Edwards, Frickle, Anner-Hughes & Culver and for her Complaint against Defendant, complains and alleges as follows:

### PARTIES

1.     Plaintiff  Jennifer Cullen is a resident of the State of Montana, Yellowstone County.

2. Defendant Wolf of Bozeman d/b/a Wolf's Bozeman Suzuki, upon information and belief, is a Montana corporation in the business of selling automobiles in the State of Montana, Gallatin County.

## JURISDICTION AND VENUE

3. The claims asserted herein arise under and pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq ("FCRA."), as well under Montana statutory and common law.  This Court has jurisdiction pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.   This Court has supplemental jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in the Billings Division of the District of Montana pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

5. In July of 2006, Ms. Cullen was living in Florida, but was planning to return to Montana.

6. As part of her planning, Ms. Cullen began shopping for a vehicle to purchase in Montana.  Ms. Cullen found a 2004 Dodge Ram pickup truck which she sought to purchase from Defendant Wolf of Bozeman.

7. Ms. Cullen explained to the salesman at Defendant Wolf of Bozeman  that it was very important to her that the vehicle she purchased be equipped with a navigation system, as she would be using it to haul horses throughout the country. Wolf of Bozeman, by and through its employees, represented to Ms. Cullen that the

pickup truck she sought to purchase was equipped with a navigation system in perfect working condition.

8. Ms. Cullen specifically inquired of the salesman at Defendant Wolf of Bozeman whether the pickup truck had ever been in an accident or suffered frame damage. Wolf of Bozeman, by and through its employees, represented to Ms. Cullen that the pickup truck had never been in an accident or otherwise suffered frame damage.

9. Based upon the representations made by Wolf of Bozeman, on July 31, 2006, Ms. Cullen purchased the 2004 Dodge Ram pickup truck, VIN# 3D3MU48C54G172089, for the price of $28,289.00.

10. Ms. Cullen purchased the truck by paying cash to Wolf of Bozeman, having financed the purchase through her own lender. Without Ms. Cullen's permission, and in an effort to see if Ms. Cullen could pay more than she said she could, Wolf of Bozeman impermissibly obtained Ms. Cullen's credit report.

11. After purchasing the pickup truck, Ms. Cullen discovered that, contrary to Wolf of Bozeman's representations, it did not have a working navigation system.

12. A few months after purchasing the pickup truck, Ms. Cullen hit a deer and took the truck into J&C Body Shop for minor repair of the bumper. The manager of the body shop then informed Ms. Cullen that the pickup truck had previously been involved in a prior wreck which had resulted in "significant frame damage."

13. Immediately thereafter, through a complaint with the Better Business Bureau, Ms. Cullen confronted Wolf of Bozeman with her discovery. In response, Wolf

of Bozeman denied any knowledge of prior accidents and refused to refund Ms. Cullen her money.

14. By letter dated June 11, 2007, Ms. Cullen rescinded her acceptance of the pickup truck and/or revoked her acceptance of the vehicle, and tendered delivery of the vehicle to Wolf of Bozeman.  Wolf of Bozeman, however, refused to honor Ms. Cullen's recission or provide her with a refund.

15. As a result of Wolf of Bozeman's conduct and business practices, Ms. Cullen has been deprived of the benefit of her bargain, was deceived into purchasing a vehicle worth far less than the amount she paid and whose resale value is greatly diminished, has been unable to recover the funds paid for the truck, incurred and continues to incur financing charges, has overpaid and will continue to overpay for insurance and taxes, has experienced and will continue to experience problems with the vehicle due to the undisclosed frame damage and lose the use and full value of the vehicle, has paid funds in an effort to complete the repairs made after the undisclosed wreck, and has been greatly shocked and angered by Wolf of Bozeman's conduct and the resulting damages she has sustained.

### COUNT I - VIOLATION OF FAIR CREDIT REPORTING ACT

16. Plaintiff repeats and re-alleges Paragraphs 1 through 15.

17. Pursuant to 15 U.S.C. §§ 1681q and 1681n, any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses or without a permissible purpose is liable to that consumer in an amount equal to the sum of: (i) any actual damages sustained by the consumer as a result of the

failure or damages of not less than $100 and not more than $1000; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of the action together with reasonable attorney's fees.

18.     As a result of Wolf of Bozeman's request and receipt of Ms. Cullen's credit report under false pretenses and/or without a permissible purpose, it is liable to Ms. Cullen for all actual and statutory damages allowed under the Fair Credit Reporting Act, including punitive damages, costs and attorney's fees.

## COUNT II - VIOLATION OF MONTANA CONSUMER PROTECTION ACT

19.     Ms. Cullen repeats and re-alleges Paragraphs 1 through 18.

20.     Ms. Cullen is a consumer pursuant to the Montana Consumer Protection Act ("MCPA.")  Mont. Code Ann. § 30-14-101 et. seq.

21.     Wolf of Bozeman engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade, including but not limited to: (1) obtaining Ms. Cullen's credit report without a permissible purpose, (2) falsely representing that the pickup truck she purchased had never been involved in an accident, and (3) falsely representing that the pickup truck had a working navigation system.

22.     Ms. Cullen has suffered and continues to suffer damages as a result of Wolf of Bozeman's unfair/deceptive acts and conduct towards her.

23.     Ms. Cullen is entitled to recover all compensatory and actual damages (including punitive damages), as well as treble damages, costs and attorney's fees as provided by the Montana Consumer Protection Act.

## COUNT III - INTENTIONAL/NEGLIGENT MISREPRESENTATION

24. Ms. Cullen repeats and re-alleges Paragraphs 1 through 23.

25. Wolf of Bozeman, by and through its employee(s), made representations to Ms. Cullen as to the condition of the pickup truck she was considering purchasing.

26. Wolf of Bozeman's representations to Ms. Cullen were false and material, as they induced Ms. Cullen to purchase a vehicle which she would have otherwise never have purchased.

27. Wolf of Bozeman knew or should have known that its representations were false at the time they were made.

28. Ms. Cullen was unaware of the falsity of Wolf of Bozeman's representations.

29. Wolf of Bozeman's false representations induced Ms. Cullen to purchase a vehicle she would have otherwise never purchased.

30. Ms. Cullen had a right to rely upon Wolf of Bozeman's representations.

31. Wolf of Bozeman's misrepresentations have directly and proximately caused Ms. Cullen damages in an amount to be determined at trial.

## COUNT IV- REVOCATION OF ACCEPTANCE

32. Ms. Cullen repeats and re-alleges Paragraphs 1 through 31.

33. Nonconformities in the vehicle substantially impair its value to Ms. Cullen, who did not know of these nonconformities or undisclosed damage prior to purchase and was misled by Wolf of Bozeman's representations and assurances.

34. Although Ms. Cullen revoked her acceptance of the vehicle by letter dated June 11, 2007 and tendered delivery of the vehicle, Wolf of Bozeman has failed and refused to honor plaintiff's revocation of acceptance in violation of Mont. Code Ann. § 30-2-608.

35. As a result of Wolf of Bozeman's failure to honor Ms. Cullen's revocation of acceptance, Ms. Cullen has sustained losses and damages in an amount to be determined at trial.

## COUNT V - MALICIOUS AND FRAUDULENT CONDUCT

36. Ms. Cullen repeats and re-alleges Paragraphs 1 through 35.

37. In addition to all special and general damages allowed by Montana law, Wolf of Bozeman's misconduct is malicious and fraudulent in all respects, and of such nature and character so as to warrant the imposition of punitive damages against it in amounts sufficient to punish and deter it and others from similar misconduct in the future, pursuant to Mont. Code Ann. § 27-1-221.

**WHEREFORE** Plaintiff Cullen prays for judgment against Wolf of Bozeman for all damages to which she is entitled to under Federal and Montana law in such categories and in such amounts as deemed appropriate by the jury and this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all of the issues in this action.

Dated this 11th day of July, 2007.

                                              EDWARDS, FRICKLE
                                              ANNER-HUGHES & CULVER


                                              ___*/s/ John Heenan*_____
                                              John Heenan
                                              Attorney for Defendant